Orville King, Pro Se Debtor
174 Willow Avenue
Hackensack, NJ 07601

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW JERSEY

IN RE:                                    CHAPTER 13

Orville King

                                          CASE NO.: 09-31887-MS
            DEBTOR

                                          OPPOSITION TO THE NOTICE OF MOTION
                                          TO DISMISS BANKRUPTCY PROCEEDING
                                          OR IN ALTERNATIVE VACATE THE
                                          AUTOMATIC STAY AND PROHIBIT THE
                                          DEBTOR FROM FILING ANY FUTURE
                                          BANKRUPTCY PROCEEDINGS THAT WILL
                                          IMPOSE THE AUTOMATIC STAY AS TO
                                          THE MORTGAGED PREMISES AND IF THE
                                          THE CASE HAS BEEN DISMISSED TO
                                          REOPEN THE CASE FOR THIS LIMITED
                                          PURPOSE
                                          (RET: 11/19/09@11:00am)

TO:

Hon. Morris Stern, USBJ
UNITED STATES BANKRUPTCY COURT-DISTRICT OF NEW JERSEY
50 Walnut Street
Newark, NJ 07101

Marie-Ann Greenberg, Trustee
30 Two Bridges Road
Fairfield, NJ 07004

JOEL A. ACKERMAN
ZUCKER, GOLDBERG & ACKERMAN, LLC
Attorney(s) for the Purported Secured Creditor
WELLS FARGO BANK, NA
200 Sheffield Street, Suite 301
Mountainside, N.J 07092



AFFIDAVIT BY DEFENDANT

I, Orville King, Debtor, Pro-Se residing in this district. I am familiar with the

facts in this case, therefore, under penalty of this court, I am making this Affidavit under

Oath.

1. I am asking this Court for intervention to allow for the full course of the Law, I have filed a Voluntary Petition on August 21, 2009 and pursuant to 11 U.S.C.1325(a)(3) My filing does not constitute a bad faith filing and make this affidavit under penalty of this Court to extend the automatic stay in My instant petition.

2. I was not notified of any hearings, meetings or required conferences in this case; Thus I was not given the opportunity to appear and discuss a cure in this case.

3. I would like the opportunity to obtain counsel, as a "Pro Se Filer" I have found this process too difficult to do alone.

Can a Bankruptcy Court Prospectively Grant Relief from the Automatic Stay of Future Bankruptcy Cases?

## CASE LAW

In re Sicilano 167 B.R. 999 (U.S.B.C. E.D. Pa The fact scenario usually involves debtors who own property in foreclosure, who then file multiple bankruptcies in succession to stave off the foreclosure as long as possible. The frustrated lien holder will apply for and sometimes be granted relief from stay, in rem (regarding the property), with such relief to apply to later filed bankruptcies and the stays that automatically arise upon filing of the new bankruptcy. The lien holder then will foreclose their lien, even in the face of another bankruptcy filing by the owner of the property. The question we are presented with is whether or not we will insure the purchaser at that foreclosure sale.

In Sicilano, Prudential had a $17,000 loan on Mr. Sicilano's property. Prudential started foreclosure in 1989 when Sicilano stopped making payments on the loan. Sicilano filed four successive Chapter 13 bankruptcies effectively delaying the foreclosure for five

years. Prudential foreclosed in the face of the second bankruptcy because it did not receive notice that the bankruptcy had been filed. Prudential won the property at the foreclosure sale. Mr. Sicilano refused to employ bankruptcy counsel even though it was suggested to him by the court.

**The court refused to annul the automatic stay of the most recent bankruptcy case and ordered Prudential to undo the foreclosure to allow Mr. Sicilano to amend his plan in the last bankruptcy to provide for repayment to Prudential. The court also held that a bankruptcy court may not grant a prospective relief from stay.**

In what appears to be the first reported case addressing the issuance of an order for prospective relief, the bankruptcy judge in *In re Norris* granted relief from the automatic stay, permitting a mortgagee to foreclose. The order for relief stated that <u>"the filing of any future petitions in bankruptcy [by the debtor] shall not affect the instant Order granting relief from the [automatic] stay."</u> The debtor's appeal did not challenge the order for relief except to the extent that it contained prospective relief which would affect the debtor's rights in future proceedings. **The district court refused to uphold the prospective relief, noting that "[i]n my view, a bankruptcy judge in a pending proceeding simply does not have the power to determine that the automatic stay shall not be available in subsequent bankruptcy proceedings."**

## DROP DEAD ORDERS

"Drop dead" orders are entered during a Chapter 13 case, rather than upon dismissal as with orders for prospective relief, which declare that this is the last opportunity for the debtor to restructure a particular debt or cure defaults.

Such orders typically provide that if the debtor does not succeed in the Chapter 13 case before the court, either the automatic stay will be lifted or the case will be dismissed and that such action **will be with prejudice as to the mortgagee or other secured creditor, giving such creditor potential prospective relief [from the automatic stay] to proceed with foreclosure**, possession or other remedies.

Thus, "drop dead" orders give a mortgagee prospective relief from the automatic stay by providing that if the debtor's case is dismissed, the dismissal will be "with prejudice" as to the mortgagee, who will therefore not be subject to the automatic stay upon any subsequent filing. Two examples of cases discussing the enforceability of "drop dead" orders entered in earlier Chapter 13 cases are *Brengettcy v. National Mortgage Co.* (*In re Brengettcy*) and *Friend v. Chemical Residential Mortgage Corp.* (*In re Friend*). The court in each of these cases refused to enforce the "drop dead" order until the bankruptcy court in the subsequently filed case **could hold a hearing to determine if the debtor had undergone a change in circumstances since the earlier case to justify the subsequent filing.**

Moreover, even where a "drop dead" order was issued without provisions for a showing of a change in circumstances, the court in *Friend v. Chemical Residential Mortgage Corp. (In re Friend)* refused to enforce an order for prospective relief without a hearing. In *Friend*, during the debtor's third Chapter 13 case, the court issued a "drop

dead" order. Following dismissal of the case and despite the language of the order, the court concluded that the automatic stay attached upon the filing of the debtor's fourth petition. **Citing *Brengettcy*, the court reasoned that regardless of the language of such an order, section 362(a) of the Bankruptcy Code makes the automatic stay applicable to all entities upon the filing of a petition**. Despite the fact that the "drop dead" order did not contain any language requiring a change in circumstances, the court held that "the debtor is entitled to a judicial determination of whether the debtor had a sufficient change in circumstances to justify a refiling notwithstanding such [a drop dead] order's entry in a prior case."

Therefore it is the request of the Debtor to be allowed continue and be allowed the opportunity to cure any debts without prejudice.

Dated: November 12, 2009

*S/ Orville King*
Orville King, Pro Se Debtor

CERTIFICATION OF SERVICE BY MAIL

I, **Orville King** _____ I am mailing a True copy of the

OPPOSITION to all parties listed below by mailing same in a sealed envelope with

postage in a Post Office or Post Office Depository within the State of New York

addressed to the last known address to the interested parties below:

TO:

Hon. Morris Stern, USBJ
UNITED STATES BANKRUPTCY COURT-DISTRICT OF NEW JERSEY
50 Walnut Street
Newark, NJ 07101

Marie-Ann Greenberg, Trustee
30 Two Bridges Road
Fairfield, NJ 07004

JOEL A. ACKERMAN
ZUCKER, GOLDBERG & ACKERMAN, LLC
Attorney(s) for the Purported Secured Creditor
WELLS FARGO BANK, NA
200 Sheffield Street, Suite 301

Date: 11-12-09

*S/Orville King*
Orville King, Pro Se Debtor